## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE NO.** |
| | ) | |
| **WILLIAM EARL COOK and** | ) | **15-41812** |
| **ANGELA JONES COOK,** | ) | |
| | ) | **CHAPTER 7** |
| DEBTORS. | ) | |

---

| | | |
|---|---|---|
| **J. THOMAS CORBETT,** | ) | |
| **UNITED STATES BANKRUPTCY** | ) | |
| **ADMINISTRATOR FOR THE** | ) | |
| **NORTHERN DISTRICT OF** | ) | |
| **ALABAMA,** | ) | **ADVERSARY PROCEEDING NO.** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARI MORRISON,** | ) | |
| **LAW SOLUTIONS CHICAGO, LLC,** | ) | |
| **d/b/a UPRIGHT LAW, LLC and** | ) | |
| **UPRIGHT LAW, and** | ) | |
| **UPRIGHT LAW LLC,** | ) | |
| **d/b/a UPRIGHT LAW, LLC and** | ) | |
| **UPRIGHT LAW** | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### COMPLAINT FOR DECLARATORY RELIEF, DISGORGEMENT, CIVIL
### PENALTIES, SANCTIONS AND INJUNCTIVE RELIEF

J. THOMAS CORBETT, the United States Bankruptcy Administrator for the Northern

District of Alabama, for his Complaint for Declaratory Relief, Disgorgement, Civil Penalties,

Sanctions, and Injunctive Relief against Defendant, MARI MORRISON, Defendant, LAW

SOLUTIONS CHICAGO LLC, d/b/a UPRIGHT LAW LLC and UPRIGHT LAW, and Defendant

UPRIGHT LAW LLC, d/b/a UPRIGHT LAW LLC and UPRIGHT LAW, states as follows:

## Jurisdiction and Venue

1.      This Complaint is filed pursuant to 11 U.S.C. §§ 105, 329(a) and (b), 526(a)(2), (c)(1) and (c)(5),  528(a)(1) and (c)(5), 707(b)(4)(C) and (D),  Rules 2016(b), 2017, 7001 and 9011 of the Federal Rules of Bankruptcy Procedure, Local Rule 2090-1 of the U.S. Bankruptcy Court for the N.D. of Alabama, Local Rule 83.1(f) of the U.S. District Court for N.D. of Alabama, Rules 1.2, 1.5, 1.7(b), 1.8(f), 1.15(a), 5.3 and 5.5 of the Alabama Rules of Professional Conduct and this Court's inherent authority.

2.      This Court has jurisdiction to hear this matter under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

3.      Venue is proper pursuant to 28 U.S.C. § 1409(a).

4.      The United States Bankruptcy Administrator has standing to bring this action and be heard under Federal Courts Study Committee Implementation Act of 1990, Pub. L. No. 101-650, 104 Stat. 5104, 5115, § 317(b).

## Parties

5.      Plaintiff, J. THOMAS CORBETT ("BA"), is the duly appointed United States Bankruptcy Administrator for the Northern District of Alabama.

6.      Defendant, MARI MORRISON ("MORRISON"), is a licensed attorney admitted to the Alabama State Bar, and upon information and belief, is admitted to practice before the U.S. District Court for the Northern District of Alabama.

7.      Defendant, LAW SOLUTIONS CHICAGO LLC, an Illinois LLC, is a registered foreign limited liability company in Alabama.

8.      MORRISON is a purported partner of LAW SOLUTIONS CHICAGO LLC.

9. Upon information and belief, Defendant, UPRIGHT LAW LLC, is a Virginia LLC.

10. Upon information and belief, UPRIGHT LAW LLC is not registered as a foreign limited liability company in Alabama.

11. UPRIGHT LAW is registered as a trade name in Alabama by LAW SOLUTIONS CHICAGO LLC.

12. MORRISON and LAW SOLUTIONS CHICAGO LLC do business in Alabama as UPRIGHT LAW LLC.

13. MORRISON and LAW SOLUTIONS CHICAGO LLC do business in Alabama as UPRIGHT LAW.

14. MORRISON and UPRIGHT LAW LLC do business in Alabama as UPRIGHT LAW LLC.

15. MORRISON and UPRIGHT LAW LLC do business in Alabama as UPRIGHT LAW.

16. Defendant, LAW SOLUTIONS CHICAGO LLC, d/b/a UPRIGHT LAW LLC and UPRIGHT LAW, and Defendant, UPRIGHT LAW LLC, d/b/a UPRIGHT LAW LLC and UPRIGHT LAW, unless indicated otherwise, are hereafter collectively referred to as "UPRIGHT LAW."

## Facts

17. William Earl Cook and Angela Jones Cook ("Cooks") filed the above-captioned voluntary petition and schedules under Chapter 7 of the Bankruptcy Code on November 9, 2015. (Doc. # 1, Case No. 15-41812).

18.     MORRISON of UPRIGHT LAW is the attorney of record for the Cooks in the Chapter 7 case.

19.     Schedule F, filed on November 9, 2015, lists an unsecured nonpriority claim held by Nissan Motor Acceptance in an amount unknown and identifies the consideration for the claim as a 2015 Nissan Frontier King ("vehicle") located at 544 Leeth Gap Rd, Attalla, AL 35954.  (Doc. # 1, Case No. 15-41812).

20.     Upon information and belief, in early October 2015, the Cooks found UPRIGHT LAW on the internet.

21.     Upon information and belief, on or about October 8, 2015, the Cooks had at least one communication with UPRIGHT LAW regarding filing for bankruptcy relief.

22.     Upon information and belief, on October 8, 2015, the Cooks purportedly digitally signed an Attorney Client Base Retainer Agreement for Chapter 7 Bankruptcy Related Services ("Retainer Agreement") with UPRIGHT LAW LLC.

23.     Upon information and belief, MORRISON did not counsel, advise or go over the Retainer Agreement with the Cooks.

24.     Upon information and belief, on October 8, 2015, the Cooks paid $10.00 to UPRIGHT LAW.  UPRIGHT LAW characterized said payment as "Retainer Fees."

25.     Upon information and belief, on or about October 8, 2015, during Cooks' communications with UPRIGHT LAW, the Cooks informed UPRIGHT LAW that they intended to surrender the vehicle.

26.     Upon information and belief, UPRIGHT LAW recommended that the Cooks turn the vehicle over to Sperro LLC.

27.     Upon information and belief, UPRIGHT LAW advised the Cooks that Sperro, LLC would pay the attorney and filing fees to UPRIGHT LAW for the Cooks' bankruptcy case if the Cooks turned their vehicle over to Sperro LLC.

28.     Upon information and belief, UPRIGHT LAW contacted Sperro LLC on behalf of the Cooks to set up an appointment time to pick up the vehicle.

29.     Upon information and belief, Sperro LLC contacted the Cooks to confirm the pickup date for the vehicle.

30.     Upon information and belief, on October 9, 2015, Cook and Sperro LLC entered into a Transporting and Storage Authorization Agreement ("TSAA").

31.     Upon information and belief, on October 13, 2015, a local towing company picked up the vehicle on behalf of Sperro LLC.

32.     Upon information and belief, the Cooks received an email from UPRIGHT LAW that the attorney fees and filing fees were paid.

33.     The Cooks did not pay the attorney fee or filing fees for their bankruptcy case.

34.     On November 9, 2015, MORRISON filed a Disclosure of Compensation pursuant to Federal Rule of Bankruptcy Procedure 2016(b) and 11 U.S.C. §329(a) ("Initial Disclosure"), along with the petition and schedules, reflecting that compensation in the amount of $1,250.00 was paid by the Cooks prior to the filing of said statement.   (Doc. #1, Case No. 15-41812).

35.     Question 9 of the Statement of Financial Affairs, filed on November 9, 2015, disclosed that the Cooks paid $1,250.00 and $335.00 within the one year period immediately preceding the commencement of this case for legal services related to bankruptcy with the payee being UPRIGHT LAW LLC.  (Doc. #1, Case No. 15-41812).

36.     On December 21, 2015, MORRISON filed an Amended Disclosure of

Compensation ("Amended Disclosure") disclosing that Sperro LLC paid the attorney fees and filing fees to UPRIGHT LAW. (Doc. #35, Case No. 15-41812).

37. Upon information and belief, Sperro LLC did not pay the attorney fees and filing fees to UPRIGHT LAW.

38. Upon information and belief, Fenner and Associates LLC paid the attorney fees and filing fees to UPRIGHT LAW for the Cook bankruptcy case.

39. Upon information and belief, all monies paid by or on behalf of the Cooks to UPRIGHT LAW for the Cooks' bankruptcy case were not deposited into an IOLTA trust account.

40. Upon information and belief, MORRISON and UPRIGHT LAW treated all monies received by or on behalf of the Cooks as earned upon receipt.

41. Upon information and belief, Sperro LLC is an unsecured creditor in the Cooks' bankruptcy case by virtue of the TSAA entered into between the Cooks and Sperro LLC.

42. Sperro is not listed as a pre-petition creditor on Schedule F or elsewhere in the Cooks' bankruptcy schedules that were initially filed on November 9, 2015. (Doc. # 1, 15-41812).

43. The transaction between the Cooks and Sperro LLC is not disclosed on Question 5 or 10 of the Cooks' Statement of Financial Affairs that was initially filed on November 9, 2015. (Doc. # 1, 15-41812).

44. The Retainer Agreement obligates the Cooks for pre and post-petition attorney fees and expenses for their bankruptcy case.

45. The Retainer Agreement does not disclose any third party payment or obligation to pay the attorney fees and expenses for the Cooks' bankruptcy case.

46. The Retainer Agreement at Paragraph 9, the Initial Disclosure and Amended

Disclosure exclude the following services from the flat fee: contested matters without limitation, objections to exemptions, filing amended schedules, motions to continue the Meeting of Creditors or to appear at a continued meeting, motions for relief from the stay and assisting in carrying out the Debtor's Statement of Intentions.

47.     The Retainer Agreement fixes an hourly rate of $395.00 an hour and other fixed charges for the legal services excluded from the flat fee.

48.     The Retainer Agreement does not disclose or explain the impact of the automatic stay on the enforceability of the Retainer Agreement once petition is filed.

49.     The Retainer Agreement does not disclose or explain the impact of the discharge injunction on the enforceability of the Retainer Agreement once the discharge is entered in the case.

50.     Upon information and belief, MORRISON and UPRIGHT LAW, under the terms of their purported partnership agreement, have joint responsibility for representation of the Cooks in their bankruptcy case.

51.     On or about March 21, 2016, the Cooks filed Amended Schedule F adding Sperro LLC as an unsecured creditor.  (Doc. # 67, Case No. 15-41812).

52.     On or about March 21, 2016, the Cooks filed an Amended Statement of Financial Affairs adding Sperro to Question 10, identifying Sperro as the payor in Question 16, and adding Sperro to Question 22.  (Doc. # 67, Case No. 15-41812).

### COUNT I – VIOLATIONS OF § 329 AND RULE 2016(b)

53.     The BA hereby alleges paragraphs 1 through 52 inclusive, and incorporates them by reference.

54.     This is an action seeking declaratory relief, disgorgement and to determine appropriate sanctions against MORRISON and UPRIGHT LAW pursuant to 11 U.S.C. §§ 105, 329(a), Rules 2016(b) and 2017 of the Federal Rules of Bankruptcy Procedure and this Court's inherent authority.

55.     MORRISON and UPRIGHT LAW are each an attorney as defined by 11 U.S.C. § 101(4).

56.     MORRISON and UPRIGHT LAW are required by 11 U.S.C. § 329(a) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure to disclose the terms of the agreement and the source of compensation.

57.     As set forth above in paragraphs 22 through 38, the Initial Disclosure and Amended Disclosure do not accurately disclose the terms of the agreement and the source of compensation.

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring MORRISON and UPRIGHT LAW failed to accurately disclose the terms of their agreement with the Cooks and the source of compensation in violation of 11 U.S.C. § 329(a) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure; (ii) ordering the disgorgement of all attorney fees ($1250.00) and filing fees paid ($335.00); (iii) assessing appropriate sanctions and/or injunctive relief; and (iv) granting such other relief that the Court deems appropriate.

## COUNT II – SCOPE OF SERVICES AND REASONABLENESS OF FEES

58.     The BA hereby alleges paragraphs 1 through 57 inclusive, and incorporates them by reference.

59.     This is an action seeking declaratory relief, disgorgement and determination of appropriate sanctions against MORRISON and UPRIGHT LAW pursuant to 11 U.S.C. §§ 105,

329(a) and (b), Rules 2016(b) and 2017(a) and (b) of the Federal Rules of Bankruptcy Procedure and this Court's inherent authority.

60.     MORRISON and UPRIGHT LAW have excluded from the flat fee certain routine services, as set forth above in paragraph 46, that should be included within the flat fee arrangement as they are necessary and required for proper representation of the Cooks in their bankruptcy case.

61.     The exclusion of said routine services from the flat fee results in the fee exceeding the reasonable value of the services provided.

62.     The hourly rate and fees for excluded services, as set forth above in paragraph 47, are excessive and unreasonable.

63.     The Retainer Agreement should be canceled by this Court and attorney fees disgorged under 11 U.S.C. § 329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring that the services excluded, as identified above in paragraph 46, are necessary and required as part of the representation of the Cooks under the flat fee arrangement; (ii) declaring that the flat fee charged in this case is excessive and unreasonable; (iii) declaring that the hourly rate and fees for excluded services are excessive and unreasonable;   (iv) canceling the Retainer Agreement;  (v) ordering the disgorgement of the attorney fees paid in this case; (vi) assessing appropriate sanctions and/or injunctive relief; and (vii) granting such other relief that the Court deems appropriate.

## COUNT III – VIOLATION OF § 707(b)(4)(C) AND (D) AND RULE 9011

64.     The BA hereby alleges paragraphs 1 through 63 inclusive, and incorporates them by reference.

65.     This is an action seeking declaratory relief and to determine appropriate sanctions against MORRISON and UPRIGHT LAW pursuant to 11 U.S.C. §§ 105, 707(b)(4)(C) and (D), Rule 9011 of the Federal Rules of Bankruptcy Procedure and this Court's inherent authority.

66.     Under 11 U.S.C. § 707(b)(4)(C), the signature of an attorney is a certification that the attorney has "performed a reasonable investigation" and "determined that the petition . . . is well grounded in fact."

67.     Under 11 U.S.C. § 707(b)(4)(D), the signature of an attorney on a petition is a "certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect."

68.     Under Rule 9011 of the Federal Rules of Bankruptcy Procedure, an attorney is certifying "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . ." that the "factual contentions" in papers presented to the Court "have evidentiary support."

69.     MORRISON and UPRIGHT LAW did not "perform a reasonable investigation" or make a reasonable inquiry prior to filing the petition and schedules.

70.     MORRISON and UPRIGHT LAW knew or should have known that the initially filed schedules, the Initial Disclosure and the Amended Disclosure, as identified in paragraphs 33 through 43, were not well grounded in fact, had incorrect information and contained unsupported factual assertions.

71.     Under 11 U.S.C. § 105 and this Court's inherent authority to regulate the conduct of attorneys and law firms appearing before it, UPRIGHT LAW should be held jointly responsible with MORRISON for the violations of 11 U.S.C. § 707(b)(4)(C) and (D) and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring MORRISON and UPRIGHT LAW violated 11 U.S.C. § 707(b)(4)(C) and (D); (ii) declaring MORRISON and UPRIGHT LAW violated Rule 9011; (iii) assessing a monetary sanction of $2,500 against MORRISON and UPRIGHT LAW for violating 11 U.S.C. § 707(b)(4)(C) and Rule 9011; (iv) assessing a monetary sanction of $2,500 against MORRISON and UPRIGHT LAW for violating 11 U.S.C. § 707(b)(4)(D) and Rule 9011; (v) assessing appropriate injunctive relief; and (vi) granting such other relief that the Court deems appropriate.

## COUNT IV – VIOLATIONS OF § 526(a)(2) AND (c)(5)

72.     The BA hereby alleges paragraphs 1 through 71 inclusive, and incorporates them by reference.

73.     This is an action seeking declaratory relief, the imposition of appropriate sanctions, imposition of an appropriate civil penalty and to enjoin MORRISON and UPRIGHT LAW pursuant to 11 U.S.C. §§ 105, 526(a)(2) and (c)(5), and this Court's inherent authority.

74.     MORRISON and UPRIGHT LAW are each a debt relief agency as defined by 11 U.S.C. § 101(12A).

75.     The Cooks are assisted persons as defined by 11 U.S.C. § 101(3).

76.     Pursuant to 11 U.S.C. § 526(a)(2), a debt relief agency "shall not . . . make any statement or counsel, or advise any assisted person . . . to make a statement in a document filed in a case . . . that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading."

77.     MORRISON and UPRIGHT LAW violated 11 U.S.C. § 526(a)(2) by filing the Initial Disclosure and the Amended Disclosure, as identified in paragraphs 33 through 38, which

contain statements that are "untrue and misleading" and with "the exercise of reasonable care, should have been known" to be such.

78.     MORRISON and UPRIGHT LAW violated 11 U.S.C. § 526(a)(2) in counseling and/or advising the Cooks to make statements in the filed schedules in this case, as identified in paragraphs 35, 42 and 43, that are "untrue and misleading" and with "the exercise of reasonable care, should have been known" to be such.

79.     MORRISON and UPRIGHT LAW intentionally violated 11 U.S.C. § 526(a)(2), and imposition of a civil penalty and injunction are warranted under 11 U.S.C. § 526(c)(5).

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring MORRISON and UPRIGHT LAW violated 11 U.S.C. § 526(a)(2); (ii) assessing a civil penalty of $2,500 or monetary sanction against MORRISON and UPRIGHT LAW for intentionally making statements in violation of 11 U.S.C. § 526(a)(2);   (iii) assessing a civil penalty of $2,500 or monetary sanction against MORRISON and UPRIGHT LAW for intentionally counseling and/or advising the Cooks to make statements in violation of 11 U.S.C. § 526(a)(2); (iv) enjoining MORRISON and UPRIGHT LAW from directly or indirectly acting as a debt relief agency in the Northern District of Alabama for a period of one year; and (v) granting such other relief that the Court deems appropriate.

## COUNT V – VIOLATIONS OF §§ 528(a)(1), 526(c)(1) and (5)

80.     The BA hereby alleges paragraphs 1 through 79 inclusive, and incorporates them by reference.

81.     This is an action seeking declaratory relief, the imposition of appropriate sanctions, imposition of an appropriate civil penalty and to enjoin MORRISON and UPRIGHT LAW pursuant to 11 U.S.C. §§ 105, 528(a)(1), 526(c)(1) and (5), and this Court's inherent authority.

82. Pursuant to 11 U.S.C. § 528(a)(1), a debt relief agency shall "execute a written contract with such assisted person that explains clearly and conspicuously - - (B) the fees or charges for such services, and the terms of payment . . ."

83. MORRISON and UPRIGHT LAW violated 11 U.S.C. § 528(a)(1) in that the Retainer Agreement obligates the Cooks to pay all fees and expenses associated with the bankruptcy case and it does not disclose the obligations or payments by third parties as identified above in paragraphs 27, 32, 33, 37 and 38.

84. The Retainer Agreement does not disclose the impact of the automatic stay or the discharge injunction upon the enforceability of the Retainer Agreement.

85. The Retainer Agreement is void under 11 U.S.C. § 526(c)(1).

86. MORRISON and UPRIGHT LAW intentionally violated 11 U.S.C. § 528(a)(1), and imposition of a civil penalty and injunction is warranted under 11 U.S.C. § 526(c)(5).

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring MORRISION and UPRIGHT LAW violated 11 U.S.C. § 528(a)(1); (ii) declaring that the Retainer Agreement is void;  (iii) assessing a civil penalty of $2,500 or monetary sanction against MORRISON and UPRIGHT LAW for intentionally violating 11 U.S.C. § 528(a)(1); (iv) enjoining MORRISON and UPRIGHT LAW from directly or indirectly acting as a debt relief agency in the Northern District of Alabama for a period of one year; and (v) granting such other relief that the Court deems appropriate.

### <u>COUNT VI – VIOLATIONS OF THE ALABAMA RULES OF PROFESSIONAL CONDUCT AND UNAUTHORIZED PRACTICE OF LAW</u>

87. The BA hereby alleges paragraphs 1 through 86 inclusive, and incorporates them by reference.

88.	This is an action seeking declaratory relief and the imposition of appropriate sanctions pursuant to 11 U.S.C. § 105, Local Rule 2090-1 of the U.S. Bankruptcy Court for the N.D. of Alabama; Local Rule 83.1(f) of the U.S. District Court for N.D. of Alabama; Rules 1.2, 1.5, 1.7(b), 1.8(f), 1.15(a), 5.3, and 5.5 of the Alabama Rules of Professional Conduct; Alabama Code § 34-3-6 and this Court's inherent authority.

89.	The Alabama Rules of Professional Conduct are applicable to attorneys practicing before this Court under Local Rule 2090-1 of the U.S. Bankruptcy Court for the N.D. of Alabama and Local Rule 83.1(f) of the U.S. District Court for the N.D. of Alabama.

90.	MORRISON and/or UPRIGHT LAW violated the following provisions of the Alabama Rules of Professional Conduct:

A.	Rule 1.2 of the Alabama Rules of Professional Conduct provides that a "lawyer may limit the scope of representation if the limitation is reasonable under the circumstances and the client gives informed consent."

B.	MORRISON and UPRIGHT LAW violated Rule 1.2 in that the limited scope of representation, as identified above in paragraph 46, is unreasonable and was done without the informed consent from the Cooks, as identified above in paragraph 23.

C.	Rule 1.5 of the Alabama Rules of Professional Conduct provides that a "lawyer shall not enter into an agreement for, or charge, or collect a clearly excessive fee."

D.	MORRISON and UPRIGHT LAW violated Rule 1.5 in the limited scope of representation, flat fee charged and excessive non-base fee rates, as identified above in paragraphs 46 and 47.

E.	Rule 1.7(b) of the Alabama Rules of Professional Conduct provides that a "lawyer shall not represent a client if the representation of that client may be materially limited by

the lawyer's responsibilities to another client, a third person, or by the lawyer's own interests, unless . . . [t]he client consents after consultation."

F.      MORRISON and UPRIGHT LAW violated Rule 1.7(b) in that they have an actual conflict of interest stemming from the undisclosed transaction with Sperro LLC, the undisclosed payment from a third party creditor, MORRISON and UPRIGHT LAW'S own interest in getting paid, and the failure to obtain consent after consultation from the Cooks.

G.      Rule 1.8(f) of the Alabama Rules of Professional Conduct provides that a "lawyer shall not accept compensation for representing a client from one other than the client unless: the client consents after consultation . . .[and] there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship."

H.      MORRISON and UPRIGHT LAW violated 1.8(f) by accepting compensation from a third party creditor without consent after consultation from the Cooks and said compensation from the third party creditor interfered with MORRISON and UPRIGHT LAW'S professional judgment and client-lawyer relationship with the Cooks.

I.      Rule 1.15(a) of the Alabama Rules of Professional Conduct and Ethics Opinion, RO 2008-03 require a lawyer to place funds from clients or third persons in a separate trust account in the state where the lawyer's office is located until said attorney fees are earned.

J.      MORRISON and UPRIGHT LAW violated Rule 1.15(a), as identified above in paragraphs 39 and 40, by not depositing any funds received by or on behalf of the Cooks in a trust account and treating all monies received as earned upon receipt regardless of the extent of services actually rendered.

K.    Rule 5.3 of the Alabama Rules of Professional Conduct places certain responsibilities on a partner to ensure that the conduct of nonlawyers employed or retained by a lawyer are compatible with the obligations of the lawyer.

L.    MORRISON, as a purported partner of UPRIGHT LAW, violated Rule 5.3 in that MORRISON did not take reasonable steps to ensure that the actions of nonlawyers at UPRIGHT LAW, as set forth above in paragraphs 21 through 32, were compatible with her professional obligations.

M.    Rule 5.5 of the Alabama Rules of Professional Conduct provides that a "lawyer shall not . . . assist a person who is not a member of the bar in performance of an activity that constitutes the unauthorized practice of law."

N.    MORRISON violated Rule 5.5 in that she assisted UPRIGHT LAW and its employees and agents in the unauthorized practice of law, as set forth above in paragraphs 21 though 32.

91.    UPRIGHT LAW, its employees and agents, through their actions as set forth above in paragraphs 21 through 32, engaged in the unauthorized practice of law as defined under Alabama Code § 34-3-6.

92.    Said violations of the Alabama Rules of Professional Conduct warrant sanctions against MORRISON under 11 U.S.C. § 105 and this Court's inherent authority.

93.    Under 11 U.S.C. § 105 and this Court's inherent authority to regulate the conduct of attorneys and law firms appearing before it, UPRIGHT LAW should be held jointly responsible with MORRISON for the violations of the Alabama Rules of Professional Conduct and for engaging in the unauthorized practice of law.

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring MORRISON and UPRIGHT LAW violated Rules 1.2, 1.5, 1.7(b), 1.8(f) and 1.15(a) of the Alabama Rules of Professional Conduct; (ii) declaring that MORRISON violated Rules 5.3 and 5.5 of the Alabama Rules of Professional Conduct; (iii) declaring that UPRIGHT LAW engaged in the unauthorized practice of law; (iv) assessing a monetary sanction against MORRISON of $2,500 for her violations of the Alabama Rules of Professional Conduct; (v) assessing a monetary sanction against UPRIGHT LAW of $2,500 for its violations of the Alabama Rules of Professional Conduct; (vi) assessing a monetary sanction of $2,500 against UPRIGHT LAW for engaging in the unauthorized practice of law; (vii) enjoining MORRISON and UPRIGHT LAW from directly or indirectly filing any bankruptcy cases in the Northern District of Alabama for a period of eighteen months; and (viii) granting such other relief that the Court deems appropriate.

## COUNT VI – OTHER SANCTIONS AND INJUNCTIVE RELIEF

94.     The BA hereby alleges paragraphs 1 through 93 inclusive, and incorporates them by reference.

95.     This is an action seeking declaratory relief, the imposition of appropriate sanctions and injunctive relief pursuant to 11 U.S.C. §105 and this Court's inherent authority.

96.     The numerous violations of the Bankruptcy Code, Bankruptcy Rules and Alabama Rules of Professional Conduct rise to a level to warrant a finding that MORRISON and UPRIGHT LAW acted in bad faith.

97.     Monetary sanctions and injunctive relief are warranted under 11 U.S.C. § 105 and this Court's inherent equitable authority to regulate the conduct of lawyers and law firms practicing before it.

WHEREFORE, the BA respectfully requests that the Court enter a judgment (i) declaring that MORRISON and UPRIGHT LAW acted in bad faith; (ii) assessing a monetary sanction against MORRISON and UPRIGHT LAW of $5,000; (iii) enjoining MORRISON and UPRIGHT LAW from directly or indirectly filing any bankruptcy cases in the Northern District of Alabama for a period of eighteen months; and (iv) granting such other relief that the Court deems appropriate.

Respectfully submitted this the 28th day of March, 2016.

/s/ Robert J. Landry, III
Assistant U.S. Bankruptcy Administrator
Bar ID No. ASB-3091-L55R

/s/ J. Thomas Corbett
U.S. Bankruptcy Administrator
Bar ID No. ASB-5640-T65J

OF COUNSEL:
United States Bankruptcy Administrator
Northern District of Alabama
1129 Noble Street, Room 117
Anniston, Alabama 36201
(256) 741-1540