Exhibit "A"

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective this 13th day of September 2016, is made by and on behalf of the following entities (hereinafter collectively referred to as the "Parties" unless otherwise noted herein):

J. Thomas Corbett, in his capacity as the United States Bankruptcy Administrator for the Northern District of Alabama (hereinafter the "BA"); and,

Mariellen Morrison a/k/a Mari Morrison in her personal capacity and in her professional capacity as an Attorney duly licensed to practice law in the State of Alabama; Law Solutions Chicago, LLC, an Illinois limited liability company; UpRight Law, LLC, a Virginia limited liability company; Law Solutions Chicago, LLC, an Illinois limited liability company doing business in Alabama as UpRight Law, as registered with the Secretary of State of the State of Alabama; any wholly- or majority-owned law firm subsidiaries of Law Solutions Chicago, LLC; and the Officers, Partners, Shareholders or Owners of any and all of the foregoing, whether in their capacity as General Partners or Limited Partners, Equity Shareholders or Non-Equity Shareholders or holders of any interest therein whatsoever (hereinafter referred to collectively as "UpRight").

**WHEREAS**, a dispute has arisen between the Parties relevant to two bankruptcy cases pending before the United States Bankruptcy Court for the Northern District of Alabama, more particularly described as follows:

    a.    In re William Earl Cook and Angela Jones Cook
            Bankruptcy Case Number 15-41812-JJR7
            Adversary Proceeding Number 16-40016-JJR
            (As consolidated with Adversary Proceeding 16-80025-CRJ)

    b.    In re Diane Marie Mikulin
            Bankruptcy Case Number 15-83322-CRJ7
            Adversary Proceeding 16-80025-CRJ
            (As consolidated with Adversary Proceeding 16-40016-JJR)

(hereinafter the "Disputed Cases"); and,

**WHEREAS**, the Parties have entered into a mediation of the Disputed Cases; and,

**WHEREAS**, the Parties now desire to settle and compromise the Disputed Cases by entering into this Agreement;

**NOW, THEREFORE**, the Parties agree as follows:

1.      Geographic Limitation

This Agreement applies only to matters in which UpRight has been retained, or in the future may be retained, on behalf of clients whose matters were brought, or which may in the future be brought, before the United States Bankruptcy Court for the Northern District of Alabama. This Agreement does not affect any other case pending, brought, or which may in the future be brought, in any federal district other than the Northern District of Alabama.

As used herein, the words "retain" or "retained" occurs when a client and UpRight both execute a written contract for bankruptcy services.

2.      Delivery of Funds; Allowance of Time Prior to Disbursement

Upon final execution of this Agreement, UpRight will, within ten (10) business days of the date of execution hereof, deliver Fifty Thousand ($50,000.00) Dollars to its attorney of record, who shall deposit same into his IOLTA Trust Account, maintained in accordance with the Rules of Professional Conduct promulgated by the Alabama State Bar. Counsel will maintain said funds in his IOLTA Trust Account until such time as disbursement is ordered by the Court. Disbursement shall be made within two (2) business days following the entry of an order requiring disbursement

3.      Payment in Cook

Twenty-Five Thousand ($25,000.00) Dollars of the sum referred to in Paragraph 2 shall be made available to the Bankruptcy Trustee ("Cook Trustee") of the Bankruptcy Estate of William Earl Cook and Angela Jones Cook, Bankruptcy Case Number 15-41812-JJR7 ("Cook Bankruptcy Estate"), for such administration as the Cook Trustee may deem necessary, appropriate or required under the laws of the United States or pursuant to any valid order of any Court properly asserting jurisdiction over said Cook Bankruptcy Estate. The BA shall file a motion seeking an order from the U.S Bankruptcy Court, Northern District of Alabama:

> (1) authorizing and requiring UpRight's attorney of record to disburse to the Cook Trustee said funds in an amount sufficient to pay all costs of administration and claims in the Cook Bankruptcy Estate, in a sum not to exceed Twenty-Five Thousand ($25,000.00) dollars; and,
> (2) if any excess funds remain after said disbursement to the Cook Trustee, authorize and require UpRight's attorney of record to disburse said funds to the registry of the U.S. Bankruptcy Court, Northern District of Alabama.

Neither UpRight nor its attorney of record will have any responsibility or liability whatsoever for the administration of the Cook Bankruptcy Estate, other than as required to effectuate payment set forth herein.

4. <u>Payment in Mikulin</u>

Twenty-Five Thousand ($25,000.00) Dollars of the sum referred to in Paragraph 2 shall be made available to the Bankruptcy Trustee ("Mikulin Trustee") of the Bankruptcy Estate of Diane Marie Mikulin, Bankruptcy Case Number 15-83322-CRJ7 ("Mikulin Bankruptcy Estate"), for such administration as the Mikulin Trustee may deem necessary, appropriate or required under the laws of the United States or pursuant to any valid order of any Court properly asserting jurisdiction over said Mikulin Bankruptcy Estate. The BA shall file a motion seeking an order from the U.S. Bankruptcy Court, Northern District of Alabama:

(1) authorizing and requiring UpRight's attorney of record to disburse to the Mikulin Trustee said funds in an amount sufficient to pay all costs of administration and claims in the Mikulin Bankruptcy Estate, in a sum not to exceed Twenty-Five Thousand ($25,000.00) dollars; and,
(2) if any excess funds remain after said disbursement to the Mikulin Trustee, authorize and require UpRight's attorney of record to disburse said funds to the registry of the U.S. Bankruptcy Court, Northern District of Alabama.

Neither UpRight nor its attorney of record will have any responsibility or liability whatsoever for the administration of the Mikulin Bankruptcy Estate, other than as required to effectuate payment set forth herein.

5. <u>New Cases Between September 1, 2016 and March 1, 2017</u>

For purposes of this paragraph, the time period beginning on September 1, 2016 and ending on March 1, 2017 is defined as the "Interim Period." UpRight and its related entities will refrain from filing bankruptcy cases during the Interim Period for those clients who retain UpRight during the Interim Period, and will inform such clients of the requirements of this paragraph. Upon the expiration of the Interim Period, UpRight may file bankruptcy cases for clients who retained UpRight during the Interim Period (and thereafter). Other than the filing of bankruptcy cases for those clients who retain UpRight during the Interim Period, nothing herein shall restrict UpRight or its related entities from operating as a debt relief agency under 11 U.S.C. §§ 526 and 528, or any other applicable section of Title 11 of the United States Code, nor restrict UpRight from filing cases for clients who retained UpRight prior to the start of the Interim Period.

6. <u>Retention Agreement: Exclusion of Services: Cases Filed Prior to March 21, 2016</u>

For those clients who retained UpRight prior to March 21, 2016, UpRight shall provide the services referred to in Paragraph 9 of UpRight's standard client retention agreement without additional charge for attorney's fees, except as noted below. This paragraph shall affect only those bankruptcy cases filed by UpRight for clients who retained the firm prior to March 21, 2016 for bankruptcy representation in the Northern District of Alabama.

Notwithstanding the foregoing, with regard to cases filed by UpRight for clients who retained UpRight prior to March 21, 2016, UpRight is entitled to charge its customary fees and/or hourly rates for such services as may be required of UpRight in pursuing or defending Adversary Proceedings on behalf of those clients for whom UpRight filed bankruptcy cases prior to March 21, 2016. Additionally, UpRight shall be permitted to charge for and collect cost items, other than attorney's fees, as may be required for the proper representation of its clients in cases where clients retained the firm prior to or after March 21, 2016, including but not limited to court costs, filing fees, credit counseling or financial management course fees, or other similar cost items.

7. Limitation

The waiver of the "exclusion of services" clause and waiver of additional attorney's fees set out in the immediately preceding numbered paragraph shall not apply to any case in which UpRight was retained by a client in the Northern District of Alabama on or after March 21, 2016.

8. Report of Measures Taken or to be Taken

Five days prior to a hearing on approval of this Settlement Agreement, UpRight will provide a detailed report to the BA describing and documenting measures which UpRight has taken or will take in response to all the matters raised by the BA in the Disputed Cases, including, but necessarily limited to, UpRight's "self report" to the Alabama State Bar regarding utilization of an IOLTA trust account; confirmation by UpRight of its full-time employment, at its headquarters in Chicago, Illinois, of an attorney licensed to practice law in the State of Alabama; and, an exemplar copy of UpRight's most current retention agreement for Alabama clients, evidencing the "stage-based" accounting practice disclosures made to Alabama clients at the time of their retention of UpRight.

9. No Further Litigation in Certain Cases

The BA agrees that the issues raised in the Disputed Cases will not be raised by the BA in any other cases filed by UpRight on behalf of clients in the Northern District of Alabama in which UpRight was retained by said clients prior to March 21, 2016.

10. No Admission of Liability

This Agreement constitutes the settlement of disputed claims. It does not and shall not constitute an admission of liability by any of the Parties and shall not be used by any Party or any other person or entity in any litigation or proceeding for that purpose.

11. Counterparts

This Agreement may be signed in counterparts, each of which shall be deemed an original. This Agreement may only be amended in writing, which amendment may also be signed in counterparts.

12. Further Assurances

The Parties agree to execute and deliver any additional papers, documents and other assurances, and take all acts that are reasonably necessary to carry out the intent of this Agreement.

13. No Third-Party Beneficiaries

Other than as expressly set forth in this Agreement, nothing in this Agreement shall confer any rights upon any person or entity who is not a party to this Agreement, nor shall anything in this Agreement be construed as creating an obligation by any Party to any non-party to this agreement.

14. Mutual Contribution

This Agreement was drafted by all of the Parties and, thus, shall not be construed against any Party because that Party initially drafted any particular provision.

15. Court Approval

This Agreement is subject to approval by the U.S. Bankruptcy Court, Northern District of Alabama.

**WHEREFORE**, the Parties have executed this Agreement as of the date set forth above.

| | |
|---|---|
| J. THOMAS CORBETT | VALREY W. EARLY, III |
| U.S. Bankruptcy Administrator | Attorney for Defendants |
| 1800 Fifth Avenue, North | 601 Beacon Parkway, West |
| Ste. 305 | Ste. 201 |
| Birmingham, Alabama 35203 | Birmingham, Alabama 35209 |
| 205-714-3838 | 205-536-7798 |

| | |
|---|---|
| W. DENNIS SCHILLING<br>Attorney for Rocco Leo, as Trustee<br>of Cook Bankruptcy Estate<br>Post Office Box 55147<br>Birmingham, Alabama 35255-5147<br>205-328-0464 | MARIELLEN MORRISON<br>Attorney at Law<br>Post Office Box 36783<br>Birmingham, Alabama 35236-6783<br>205-837-2771 |
| *Judith Thompson* (signature)<br>JUDITH THOMPSON, as Trustee<br>of Mikulin Bankruptcy Estate<br>Post Office Box 18966<br>Huntsville, Alabama 35804-8966<br>256-880-2217 | KEVIN CHERN, Managing Partner<br>Law Solutions Chicago, LLC, an<br>Illinois Limited Liability Company;<br>UpRight Law, LLC, a Virginia<br>Limited Liability Company; Law<br>Solutions Chicago, LLC, an Illinois<br>Limited Liability Company doing<br>business in Alabama as UpRight<br>Law<br>79 West Monroe, Fifth Floor<br>Chicago, Illinois 60603 |

Case 16-40016-JJR    Doc 57-1    Filed 09/23/16    Entered 09/23/16 14:22:18    Desc
Exhibit A Settlement Agreement    Page 6 of 8

_____
W. DENNIS SCHILLING
Attorney for Rocco Leo, as Trustee
of Cook Bankruptcy Estate
Post Office Box 55147
Birmingham, Alabama 35255-5147
205-328-0464

_____
MARIELLEN MORRISON
Attorney at Law
Post Office Box 36783
Birmingham, Alabama 35236-6783
205-837-2771

_____
JUDITH THOMPSON, as Trustee
of Mikulin Bankruptcy Estate
Post Office Box 18966
Huntsville, Alabama 35804-8966
256-880-2217

_____
KEVIN CHERN, Managing Partner
Law Solutions Chicago, LLC, an
Illinois Limited Liability Company;
UpRight Law, LLC, a Virginia
Limited Liability Company; Law
Solutions Chicago, LLC, an Illinois
Limited Liability Company doing
business in Alabama as UpRight
Law
79 West Monroe, Fifth Floor
Chicago, Illinois 60603

Page 6

Case 16-40016-JJR    Doc 57-1    Filed 09/23/16    Entered 09/23/16 14:22:18    Desc
Exhibit A Settlement Agreement    Page 7 of 8

| | |
|---|---|
| W. DENNIS SCHILLING<br>Attorney for Rocco Leo, as Trustee<br>of Cook Bankruptcy Estate<br>Post Office Box 55147<br>Birmingham, Alabama 35255-5147<br>205-328-0464 | MARIELLEN MORRISON<br>Attorney at Law<br>Post Office Box 36783<br>Birmingham, Alabama 35236-6783<br>205-837-2771 |
| JUDITH THOMPSON, as Trustee<br>of Mikulin Bankruptcy Estate<br>Post Office Box 18966<br>Huntsville, Alabama 35804-8966<br>256-880-2217 | KEVIN CHERN, Managing Partner<br>Law Solutions Chicago, LLC, an<br>Illinois Limited Liability Company;<br>UpRight Law, LLC, a Virginia<br>Limited Liability Company; Law<br>Solutions Chicago, LLC, an Illinois<br>Limited Liability Company doing<br>business in Alabama as UpRight<br>Law<br>79 West Monroe, Fifth Floor<br>Chicago, Illinois 60603 |